UNITED STATES of America,
Plaintiff-Appellee,

v.

Eddie E. WINGENDER, aka Edward E.
Wingender, Defendant-Appellant.

No. 82–1178.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1983.

Decided June 27, 1983.

Yesmin Saide Annen, Asst. U.S. Atty., argued, Peter K. Nunez, U.S. Atty., Yesmin Saide Annen, Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Juanita R. Brooks, San Diego, Cal., for defendant-appellant.

Before NELSON and NORRIS, Circuit Judges, and SOLOMON,* District Judge.

NORRIS, Circuit Judge:

In 1979, Wingender was given a suspended sentence following his conviction for falsifying a loan application in violation of 18 U.S.C. § 1014 (1976). In 1981, the suspended sentence was reinstated after he was convicted of counterfeiting in violation 18

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

U.S.C. § 472 (1976). The district court ordered that Wingender serve the reinstated sentence consecutively "to any state sentence for which the defendant now stands committed." E.R. at 41. On the following day, the prosecuting attorney discovered that the district court had made a mistake because Wingender did not stand committed for any state sentence but, rather, stood committed pursuant to a newly imposed federal sentence based upon the intervening counterfeiting conviction.[1]

Two days later, the district court corrected the error by modifying its sentencing order to provide that the reinstated sentence was to operate consecutively to the new federal sentence imposed for the counterfeiting conviction.[2] Wingender thereupon moved to correct the sentence under Rule 35 of the Federal Rules of Criminal Procedure,[3] claiming that it violated the double jeopardy clause of the fifth amendment. He now appeals the district court's denial of his motion.

 Unless the sentencing judge specifies that sentences shall be served consecutively, they are served concurrently. See McNealy v. Johnston, 100 F.2d 280, 282 (9th Cir.1938); Borum v. United States, 409 F.2d 433, 440 (D.C.Cir.1967), cert. denied, 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969). Thus, because the district court's original order making the reinstated sentence run consecutively to "any state sentence" did not mention the new federal sentence for counterfeiting, the two federal sentences, as a matter of law, ran concurrently.

 Wingender's appeal presents the question whether a district court may modify a sentencing order to correct a mistake when the effect is to increase the penalty by making sentences run consecutively rather than concurrently. The general rule is that a change in a legal sentence to increase the penalty it imposes violates the double jeopardy clause. See Kennedy v. United States, 330 F.2d 26, 27–28 (9th Cir. 1964). However, "[t]here is no such bar to increasing an illegal or erroneous sentence." United States v. Carter, 704 F.2d 1063, 1064 (9th Cir.1983); see also United States v. Henry, 680 F.2d 403, 411 (5th Cir.1982); United States v. Busic, 639 F.2d 940, 951 (3d Cir.1981), cert. denied, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). Hence, in United States v. Alverson, 666 F.2d 341, 347–48 (9th Cir.1982), we recognized that an ambiguous sentence may be clarified without placing the defendant in jeopardy a second time. The rationale for this exception is that an ambiguous sentence is illegal and therefore may be corrected under Rule 35. Id. at 348.

 We believe that our decision in Alverson controls the case now before us. The uncorrected sentence referring to "any state sentence" was so ambiguous in context as to be illegal, for no state sentence existed and Wingender had just received a federal sentence for counterfeiting. We hold that Alverson is authority for correcting the reinstated sentence to eliminate the ambiguity by referring to the federal sentence rather than a nonexistent state sentence. In light of the very short time between reinstatement and correction of the sentence, and the obviousness of the error,

---

1. The district court found that the sentence, as reinstated, "contained a mistake of fact in that it erroneously characterized the defendant's pending two year federal sentence ... as a 'state sentence.'" E.R. at 41–42. Wingender does not dispute this finding. Therefore, the "potential for abuse" created by "a broad rule which would allow a sentence to be changed to conform with the original intention of the sentencing judge," United States v. Best, 571 F.2d 484, 486 (9th Cir.1978), does not exist in this case.

2. We have upheld, as a proper exercise of authority, a district court's order reinstating a sentence upon revocation of probation so that it is "served consecutive to a federal sentence for an intervening crime." United States v. Lustig, 555 F.2d 751, 753 (9th Cir.1977), cert. denied, 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 795 (1978).

3. Rule 35 provides in part: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed.R.Crim.P. 35.

neither Wingender nor his counsel could have been misled or prejudiced in any way by the sentencing judge's mistake. *Cf. United States v. DiFrancesco,* 449 U.S. 117, 137, 139, 101 S.Ct. 426, 437, 438, 66 L.Ed.2d 328 (1980) (increase of a legal sentence not violative of the double jeopardy clause when the defendant is without a "legitimate" "expectation of finality in the original sentence").

AFFIRMED.