**Robert GERMAINE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CV 90–2787.**

United States District Court, E.D. New York.

April 1, 1991.

Robert Germaine, pro se.

Andrew J. Maloney, U.S. Atty. by Burton Ryan, Asst. U.S. Atty., Garden City, N.Y., for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, petitioner pro se Robert Germaine ("petitioner") seeks credit towards his federal sentence, pursuant to 28 U.S.C. § 2255, for time he served in state custody before being transferred to federal custody. For the reasons stated below, petitioner's motion is granted.

## BACKGROUND

The facts are undisputed. On December 4, 1986, petitioner was arrested by a joint task force of federal and state agents. Subsequent to this arrest, petitioner attempted to bribe an agent of the Federal Bureau of Investigation and a New York State police officer.

First, New York State charged petitioner with burglary in the second degree, criminal possession of a weapon, and bribery. Subsequently, on January 6, 1987, the United States indicted petitioner on three counts of criminal possession of a weapon and bribery. Petitioner remained in state custody for the pendency of the criminal cases.

On September 16, 1987, this Court sentenced petitioner to twelve years of imprisonment and issued a commitment order on

the same day. However, this Court did not consider or specify in its oral pronouncement or commitment order whether such sentence was to be concurrent with or consecutive to any pending state sentence. Immediately following this sentencing and the issuance of the commitment order, the federal authorities returned petitioner to state custody so that the State could dispose of its charges. Petitioner pled guilty to those charges and was sentenced to ten years of imprisonment, to be served concurrently with his federal sentence.

After the state sentencing petitioner was not returned to the federal authorities and instead remained in state custody until August 17, 1988 when he was transferred to federal custody. Petitioner's latest sentencing report shows that the Bureau of Prisons has not credited his federal sentence with the time he spent in state custody awaiting transfer to federal custody. Petitioner now seeks credit for the period he spent in state custody from the date of his arrest to August 17, 1988, or, in the alternative, from the date of his federal indictment to August 17, 1988. Based on the peculiar facts of this case, stare decisis, and the fundamental principles of equity, this Court finds that petitioner is entitled to credit for the eleven month period from the date of his sentencing on September 16, 1987 to August 17, 1988.

## DISCUSSION

■ The Second Circuit has held that " 'an all but conclusive presumption [exists] in federal sentencing that unless otherwise stated a sentence imposed on a given count or indictment is concurrent with other federal sentences then imposed or previously imposed.' " *United States v. Pugliese,* 860 F.2d 25, 30 (2d Cir.1988) (district court judge failed to state explicitly whether the sentence being imposed was to be consecutive to or concurrent with an earlier federal sentence) (quoting *United States v. Wenger,* 457 F.2d 1082, 1083 (2d Cir.) (citations omitted), *cert. denied,* 409 U.S. 843, 93 S.Ct. 44, 34 L.Ed.2d 83 (1972)); *see also United States v. Chiarella,* 214 F.2d 838 (2d Cir.), *cert. denied,* 348 U.S. 902, 75 S.Ct. 226, 99 L.Ed. 708 (1954). The purpose of this presumption is to hold the government to a degree of precision and thereby avoid the imposition of longer consecutive sentences where the sentencing judge is silent. *See Wenger,* 457 F.2d at 1084. This Court finds that same justification applies when a federal judge imposes a sentence upon a defendant who has state charges pending against him. Thus, the burden is squarely on the sentencing judge to affirmatively impose a consecutive sentence. *Id.*

■ Consecutive sentences are imposed for punitive purposes. *See Salley v. United States,* 786 F.2d 546, 548 (2d Cir.1986) (Newman, J., concurring); *cf. United States v. Golomb,* 754 F.2d 86 (2d Cir.1985) (consecutive sentences imposed on defendant to enhance punishment), *app. after remand,* 811 F.2d 787 (2d Cir.1987). For this reason, it is incumbent upon a sentencing judge to consider the length of other sentences, as well as the punitive effect on the defendant, before imposing a consecutive sentence. *Salley,* 786 F.2d at 548 (Newman, J., concurring).

In the case at bar, this Court failed to consider or specify whether petitioner's sentence was to be concurrent with or consecutive to any sentence imposed in the pending state charge. Petitioner is correct in asserting that "only he pays" for this Court's ambiguous sentence. While the facts in *Wenger* are distinguishable from those of this case, the underlying desire for precision and equity in sentencing justify the application of the presumption allowed there to the facts herein.

■ When, on September 16, 1987, this Court sentenced petitioner to twelve years of imprisonment, it intended that sentence to commence and run for twelve years from that date. However, the Bureau of Prison's records and calculations indicate that petitioner's sentence did not begin to run until his release from state custody and delivery to the federal penitentiary. This, in essence, has made petitioner's federal sentence consecutive to his state custody. As a result, petitioner would serve almost thirteen years on a twelve year

sentence. Accordingly, this Court finds it equitable to presume that a federal sentence is concurrent with a pending state sentence, when a sentencing judge fails to consider the pending state sentence. That being the case, petitioner's federal sentence is presumed concurrent with his state sentence, and thus, it commenced on the day of sentencing by the federal court.

The principle for calculating federal sentences imposed for crimes prior to November 1, 1987 is embodied in 18 U.S.C. § 3568. That section provides, in pertinent part: "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date of which such person is received at the penitentiary, reformatory, or jail for the service.... No sentence shall prescribe any other method of computing the term." 18 U.S.C. § 3568; *see Pinaud v. James*, 851 F.2d 27, 30 (2d Cir. 1988). Pursuant to § 3568, the government argues that petitioner is not entitled to any credit on his federal sentence for time he spent in custody prior to his delivery to the federal penitentiary.

██ Such an application of § 3568 to the facts of this case would be mechanical and inequitable. The primary reason that petitioner was lodged in Suffolk County jail was for the convenience of the law enforcement authorities who had to transport him between the federal and state courts. Furthermore, after the commitment order was issued, the federal authorities were entitled to custody. Instead, they returned petitioner to state custody where he remained even after the State delivered its concurrent sentence. It is inequitable to deny petitioner credit for that time simply because it was convenient for the federal authorities to lodge and leave him in state, rather than federal, custody. *Cf. Kiendra v. Hadden*, 763 F.2d 69 (2d Cir.1985) (holding that defendant was entitled to credit for time he spent in state custody where federal marshals failed to follow a commitment order and take defendant into custody). Therefore, petitioner is entitled to credit toward his federal sentence of the time that he served in state custody from the date of sentencing by this Court on September 16, 1987 to August 17, 1988.

## CONCLUSION

For the reasons stated above, this Court finds that petitioner's federal sentence is to be concurrent with his state sentence and that the federal sentence commenced on the date of sentencing by the federal court. Petitioner is therefore entitled to credit for the eleven months between September 16, 1987 and August 17, 1988 in which he was in state custody. Accordingly, petitioner's motion to credit his federal sentence pursuant to 28 U.S.C. § 2255 is granted.

SO ORDERED.