**UNITED STATES of America**

v.

**Veronica BLUE, Defendant.**

**Crim. No. 94–181–01 (CRR).**

United States District Court, District of Columbia.

Jan. 30, 1995.

2. The Second Amended Complaint is deemed to be filed and the Defendant's motion(s) is deemed

James Holloway, Asst. Federal Public Defender, Washington, DC, for defendant.

John Facciola and Ralph Caccia, Asst. U.S. Attys., along with Eric H. Holder, Jr., U.S. Atty., Washington, DC, for Government.

### *MEMORANDUM OPINION*

CHARLES R. RICHEY, District Judge.

### *INTRODUCTION*

Before the Court are the Defendant's Motion to Amend Sentence and the written and oral responses thereto by the Government and the United States Probation Officer assigned to this case. This matter raises the question of whether a D.C. Superior Court sentence runs consecutively or concurrently to a District Court's sentence where, at the time of sentencing in the District Court, the Defendant had been paroled by the D.C. Parole Board on the Superior Court sentence, but after sentencing, the Parole Board

to be directed against the Second Amended Complaint.

rescinded its decision to grant parole. The Court finds that, under the law, such sentences must run consecutively.

As a preliminary matter, the Court observes that the Defendant failed to specify the statutory provision under which she raises her instant Motion. The time for modification of sentence under Rule 35 of the Federal Rules of Civil Procedure, however, has long since past, and Rule 35 only addresses an illegal sentence while there was nothing illegal about the sentence imposed by this Court on August 16, 1994. *See United States v. Lewis,* 862 F.2d 748, 750 (9th Cir.1988), *cert. denied,* 489 U.S. 1032, 109 S.Ct. 1169, 103 L.Ed.2d 227 (1989). Thus, as defense counsel implied at a hearing held on January 17, 1995, the question presented here must be treated as within the purview of 28 U.S.C. § 2255. Accordingly, for the reasons discussed herein, the Defendant's Motion to Amend Judgment, considered under 28 U.S.C. § 2255, shall be denied.

## BACKGROUND

This matter initially came before the Court as a result of two letters written by the Defendant to the undersigned, in which the suggestion was made that her sentence was somehow being calculated as longer than the Court intended. Alarmed by the very serious nature of this proposition, the Court issued Show Cause Orders, entered November 30, 1994 and December 15, 1994, directing counsel for both parties to respond to the allegations raised by the Defendant in her letters to the Court. Notwithstanding receipt of briefs by counsel for both parties regarding the same, it was not until the hearing held on January 17, 1995 that the Court was fully and clearly apprised of the circumstances surrounding the Defendant's sentence and the current status of her incarceration.

On June 7, 1994, the Defendant entered a knowing and voluntary plea of guilty to a one-count superseding Information charging her with forging an endorsement on a United States Treasury check. She was then remanded to custody pending preparation of the Presentence Investigation Report. On August 16, 1994, this Court sentenced the Defendant to serve a period of incarceration of eight months, with credit for time served, to be followed by a period of Supervised Release for one year. A special condition of the Defendant's supervised release was that she serve a period of four months in a halfway house.

The circumstances surrounding the Defendant's prior conviction and sentence in the D.C. Superior Court account for the confusion that led to the Defendant's filing of the Motion now before the Court. Prior to the Defendant's arrest for the offense in this case, the Defendant was under the supervision of the D.C. Parole Board. On March 24, 1994, the D.C. Parole Board issued a parole violator's warrant for her arrest. On April 21, 1994, the warrant was executed and the Defendant was taken into custody. She was in custody at the D.C. jail at the time she was arrested for the federal offense of forgery on May 17, 1994. On June 29, 1994, however, the D.C. Parole Board revoked her parole for criminal and noncriminal violations and granted reparole to supervision that date. The Notice of the Board's order is attached hereto as Exhibit A and made a part hereof. Thus, as of that date, this Court's Order of detention without bond was the only provision of law that detained the Defendant at the D.C. jail. Accordingly, at sentencing in this case, the Court was advised that the Defendant had been paroled on the Superior Court conviction at issue, and that the only matter holding the Defendant was the instant case. The relevant portions of the Presentence Investigation Report are attached hereto as Exhibit B. The Court imposed sentence accordingly on August 16, 1994.

However, nearly two months after this Court sentenced the Defendant, on October 12, 1994, the D.C. Board of Parole issued a second order which rescinded their prior order of June 29, 1994, and ordered the Defendant detained as a parole violator to be released at her mandatory release date of March 6, 1995. This Notice of the Board's order is also attached hereto as Exhibit C and made a part hereof.

Consequently, the seminal question at bar is whether, in view of the rescindment of the

D.C. Parole Board's prior order granting her reparole to supervision, the Defendant's Superior Court sentence runs concurrently to that imposed by this Court on August 16, 1994 or, rather, whether this Court's sentence must run consecutively to the Defendant's completion of her sentence on the Superior Court conviction.

The Court observes that the facts of this case implicate three possible release dates. First, if the Defendant were to complete her federal sentence without interruption, she would be released from federal custody on February 28, 1995. Second, however, if the Superior Court sentence were allowed to run concurrently with the Defendant's federal sentence, she would not ultimately be released from D.C. custody until March 6, 1995, the date on which her Superior Court sentence terminates. Lastly, if the sentences were allowed to run consecutively, the Defendant must complete her Superior Court sentence before recommencing her federal sentence, which shall run with credit for time served as a result of the federal charges. Under this last scenario, the Defendant would be released from custody on July 19, 1995.[1]

It is the Defendant's position that, at the time of her sentencing in this case, she was committed to the custody of the United States Bureau of Prisons for service of her federal sentence, and that the D.C. Parole Board's unilateral decision in October of 1994 to rescind their earlier grant of reparole to supervision did not and could not operate to stop this Court's sentence from running.

The Government takes a different view, arguing that, because the Court uttered neither the word "concurrent" nor the word "consecutive" at the time of the oral pronouncement of sentence, and because the Court was advised at the time of sentencing that the Defendant had been paroled by the District of Columbia Superior Court, it is obvious that the Court was dealing only with the federal conviction.[2] Absent a specific ruling that the sentences run concurrently, the Government argues, the sentences must be calculated to run consecutively.

### DISCUSSION

The Court agrees with the Government, but does so for legal, as well as purely logical, reasons. As the Government argues and the transcript of the relevant portion of the sentencing hearing demonstrates, which is attached hereto as Exhibit D and made a part hereof, the Court was silent at sentencing as to whether the Defendant's federal sentence would run consecutively or concurrently with any pending state sentence. Nevertheless, the Court did know at that time that the Defendant had been granted reparole to supervision on a Superior Court sentence and was, therefore, under the jurisdiction of the Superior Court. *See* Exhibit B. Thus, as noted above, for counsel to

---

1. The Court arrives at this date by giving the Defendant credit for the time served from June 30, 1994, the date on which the Defendant's detention began (as a result of her federal offense only), through October 12, 1994, the date on which the D.C. Parole Board rescinded their Order of June 29, 1994 and denied the Defendant reparole. This amounts to 105 days of credit for time served. Recommencing the Defendant's 8–month federal sentence on March 6, 1995, the date on which her Superior Court ends, and allowing her 105 days of credit for time served, the Court concludes that the Defendant must be released from federal custody on July 19, 1995.

2. In particular, at oral argument the Government asserted that the Court could not have intended that any Superior Court sentence run concurrently with the Defendant's federal sentence because, at the time of sentencing in this case, the Court knew of no obligation on the part of the Defendant to serve a Superior Court sentence, and the Court had no ability to project forward to October 12, 1994 and thus to know that a Superior Court sentence might have to be served. (Tr., January 17, 1995, at 7–16). The Court observes that this characterization of the Court's knowledge at the time of sentencing is not entirely correct. As the relevant portions of Presentence Investigation Report attached as Exhibit B demonstrate, the Court did know that the Defendant was on parole supervision for a conviction in the D.C. Superior Court. Thus, it is inaccurate for Government counsel to suggest that the Court was unaware of any obligations on the part of the Defendant owing to the Superior Court on her prior conviction. (*See* Tr. at 9). (At the time of sentencing, the Court had "no idea that that sentence is to be served."). It *is* entirely accurate, however, to suggest that the Court knew of no obligation to serve a period of incarceration as a result of the Superior Court conviction.

suggest that the Defendant owed no obligations to the Superior Court on her D.C.Code conviction at the time of sentencing and that, as a result, this Court could not have intended that the sentences run consecutively (or, for that matter, concurrently), is incorrect.

While the oral pronouncement of sentence governs, the Judgment and Commitment Order in the instant case, which is attached hereto as Exhibit E and made a part hereof, is consistent with the Court's oral pronouncement of sentence. *Hill v. U.S. ex rel. Wampler*, 298 U.S. 460, 465, 56 S.Ct. 760, 763, 80 L.Ed. 1283 (1936) ("The court speaks through its judgment, and not through any other medium."); *Kennedy v. Reid*, 249 F.2d 492, 495 (D.C.Cir.1957) (oral pronouncement of sentence constitutes the judgment of the Court).

Nevertheless, although it is undisputed that the sentence imposed on August 16, 1994 was appropriate and proper, the Court is now faced with the question of how to interpret its sentence in light of the subsequent rescindment of the D.C. Parole Board's prior decision to reparole the Defendant to supervision. Because the Court was silent at sentencing as to whether its sentence would run concurrent or consecutive to any other sentence, it must look to the law with respect to the applicable presumption under these circumstances.

Prior to 1984, Congress provided little guidance as to whether sentences ran concurrently or consecutively when the Judge was silent as to either at sentencing. The most relevant statutory provision prior to the Sentencing Reform Act was 18 U.S.C. § 3568, and this gave rise to conflicting interpretations regarding a federal district court's authority to impose a sentence consecutive or concurrent to a state term.[3] See *United States v. Hardesty*, 958 F.2d 910, 912–14 (9th

Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1429, 122 L.Ed.2d 797 (1993) (recognizing conflict between circuits), and cases cited therein. *Compare United States v. Terrovona*, 785 F.2d 767 (9th Cir.), *cert. denied,* 476 U.S. 1186, 106 S.Ct. 2926, 91 L.Ed.2d 553 (1986) (district court lacked authority to order that a sentence be served either consecutively or concurrently and could only make a recommendation to the Bureau of Prisons) *with United States v. Thornton*, 710 F.2d 513 (9th Cir.1983) (while 18 U.S.C. § 3568 limited the authority of judges to order concurrent terms, there was no corresponding limit on their authority to order that sentences be served consecutively).

Nevertheless, many pre–1984 courts addressing the issue of whether sentences should run concurrently or consecutively resolved it on principles of lenity, invoking "the general rule of statutory construction" favoring a "milder penalty over a harsher one." *Government of the Virgin Islands v. Douglas*, 812 F.2d 822, 833 (3d Cir.1987) (internal quotation marks omitted). *See also Downey v. United States*, 91 F.2d 223, 229 (D.C.Cir. 1937) (As " '[s]erious uncertainty in criminal sentences must be resolved in favor of liberty,' the sentences originally recorded, if not subject to correction, must be construed as concurrent.") (quoting *Alderhold v. McCarthy*, 65 F.2d 452, 453 (C.C.A.5 1933)); *United States v. Pugliese*, 860 F.2d 25, 30 (2d Cir. 1988), *cert. denied,* 489 U.S. 1067, 109 S.Ct. 1344, 103 L.Ed.2d 813 (1989) (sentence imposed on given count is presumed to be concurrent with other federal sentences unless otherwise stated); *United States v. Wingender*, 711 F.2d 869, 870 (9th Cir.1983) (same); *Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir.1981) (same).

With the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, Title II, c. II,

---

3. Former 18 U.S.C. § 3568, repealed by the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, Title II, c. II, § 212(a)(2), 98 Stat. 2000, stated that "[t]he sentence of imprisonment of any person convicted of an offense *shall* commence to run from the date on which such person is received at the penitentiary ... for service of such sentence.... No sentence shall prescribe any other method of computing that term." (emphasis added).

Because courts interpreted this language as precluding the calculation of time served on a federal sentence from any date other than which upon which a defendant was delivered to a federal penitentiary, even state prisoners whose state sentences had been vacated were in some instances deprived of credit for time served in calculating sentences on unrelated federal offenses. *Pinaud v. James*, 851 F.2d 27, 31 (2d Cir.1988).

§ 212(a)(2), 98 Stat. 2000, however, Congress "expressly granted judges authority to make these decisions," *Hardesty*, 958 F.2d at 910, and codified the alternative presumption, to wit, that sentences imposed at different times run consecutively. 18 U.S.C. § 3584(a).[4] The United States Sentencing Commission, which was established by Title II if the 1984 Act, 28 U.S.C. § 991, followed the statutory presumption to provide in even stronger terms that sentences imposed at different times generally run consecutively:

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense *shall* be imposed to run consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3 (emphasis added).

Courts have since applied the statutory presumption to run sentences imposed at different times consecutively, absent a particular finding to the contrary.[5] *See, e.g., United States v. Olivares–Martinez*, 767 F.2d 1135, 1137–38 (5th Cir.1985) (where Texas District Court revoked defendant's parole following rearrest in Arkansas on separate charge, under § 3584(a), Texas court properly reinstated its sentence to run consecutively to intervening sentence imposed on Arkansas conviction); *United States v. Ballard*, 6 F.3d 1502, 1505 (11th Cir.1993) ("statute and analogous Sentencing Guidelines evince a preference for consecutive sentences when imprisonment terms are imposed at different times"); *United States v. Lastra*, 973 F.2d 952, 954 (D.C.Cir.1992) (Under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment

imposed at different times run consecutively unless the court orders that the terms run concurrently."); *United States v. Wills*, 881 F.2d 823, 826 n. 2 (9th Cir.1989) ("[S]ection 3584 operates as a rule of construction that, when the judge is silent as to whether a sentence is to be consecutive or concurrent, if the several sentences are imposed at different times, the sentences are construed as consecutive sentences. But the judge could, by expressing otherwise, change that result."). *Cf. Germaine v. United States*, 760 F.Supp. 41 (E.D.N.Y.1991) (applying earlier courts' presumption in favor of concurrent sentences without addressing the intervening statutory presumption codified at 18 U.S.C. § 3584).

In the instant case, the D.C. Superior Court sentence and this Court's sentence were imposed at different times, so the statutory presumption applies and the sentences must run consecutively. Thus, the Court finds that the Defendant's sentence must stand at eight months incarceration, with credit for time served as a result of her federal sentence, and one year of Supervised Release with a special condition that she serve four months in a half-way house. The Defendant must receive credit from June 30, 1994, the date on which she was granted reparole to supervision on her Superior Court sentence, through October 12, 1994, the date upon which the D.C. Parole Board rescinded their July 29, 1994 decision to grant her reparole to supervision. The Defendant is not entitled to credit for time served as of May 17, 1994, the date of her arrest for the federal charge of forgery, because at that time she was, in fact, in custody as a result of her D.C. parole violation. 18 U.S.C. § 3585(b).[6] *See also United States v.*

---

4. 18 U.S.C. § 3584(a) reads, in pertinent part:
   Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
   The statute goes on to state that, in determining whether sentences are to run concurrently or consecutively, the Court must consider factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b).

5. Even though 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3 "are facially inconsistent because in specified circumstances 5G1.3 *requires* consecu-

tive sentences, the two provisions can be reconciled[, as] under 18 U.S.C. § 3584, the trial court retains discretion to avoid the requirement of consecutive sentences and can order concurrent sentences by following the procedures set forth for departures in the Sentencing Guidelines." *United States v. Smith*, 978 F.2d 1260, 1992 WL 317178 at *3 (6th Cir.1992) (emphasis added).

6. 18 U.S.C. § 3585(b) reads:
   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

*Garcia–Gutierrez,* 835 F.2d 585, 586 (5th Cir. 1988) (federal prisoner not entitled to credit against federal sentence for time served in state custody between the time of state arrest and the lodging of a federal detainer or for the period served under the state sentence prior to judgment remanding him to federal custody).

Once the Defendant completes her Superior Court sentence, her federal sentence will recommence, and she must serve the balance of the same before she is finally released from custody. Accordingly, deducting the period of time from June 30, 1994 through October 12, 1994 from the Defendant's eight month sentence, the Court finds that Defendant· must be released on July 19, 1995.

As the Government observes, while this resolution perfects the Court's intention that the Defendant receive credit for time served from presentment to sentence, it does not render this Court's sentence concurrent with the Defendant's Superior Court sentence which, as the applicable law reveals, would be contrary to the prevailing presumption in favor of consecutive sentences under these circumstances. This result is also in keeping with the "dual sovereignty principle," which holds that "each sovereign must respect not only the sentencing authority of the other, but also the sentence." *Ballard,* 6 F.3d at 1509. Under this principle, "[w]hich court sentences first is irrelevant." *Id.* Rather, "each sovereign is entitled to have the defendant serve its respective sentence, and the defendant cannot choose the order of those sentences." *Id.* at 1510. As the Eleventh Circuit observed in *Ballard,* "[t]he consecutive sentence imposed by the federal court in this case preserves that prerogative for both sovereigns, while a prospective concurrent sentence would not." *Id.*

### CONCLUSION

Upon careful consideration of the pleadings, the applicable law and the entire record in this case, the Court finds that the Defendant's Motion to Amend Sentence, treated as

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commis-

a 28 U.S.C. § 2255 motion, shall be denied. The Court's ruling is without prejudice to the right of the Defendant to assert any appropriate claims for *habeas* or other relief in the Superior Court of the District of Columbia. *See Glenn–El v. Koehane,* 1989 WL 10635, 1 (D.D.C.) (petitioner serving sentence for violation of the D.C.Code must test the legality of his or her confinement in Superior Court). *See also* D.C.Code § 23–110(g) (vesting subject matter jurisdiction in the Superior Court over collateral attacks on convictions in that court).

The Court wishes to emphasize that all parties involved, including the attorneys, the United States Probation Office, and the Court, have expended a considerable amount of time and effort on this important matter in order to afford the Defendant a thorough and just resolution, as promptly as possible.

Moreover, there can be no question that Ms. Blue, the Defendant in the case at bar, has long had a drug problem which has led her to the tragic situation before the Court today. The Court thus expresses the hope that the Federal Bureau of Prisons and the United States Probation Office of this Court will look carefully at Ms. Blue's needs so as to see that she is provided with all the treatment and guidance that a human being suffering from addiction needs and deserves.

The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

### ORDER

For all the reasons set forth in this Court's Memorandum Opinion of even date herewith, it is, by the Court, this 28th day of January, 1995,

ORDERED that the Defendant's Motion to Amend Sentence, treated as a Motion made pursuant to 28 U.S.C. § 2255, shall be, and hereby is, DENIED, without prejudice to the right of the Defendant to assert any proper claims before the Superior Court of the District of Columbia.

sion of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Exhibit A

# 𝕿𝖍𝖊 𝕭𝖔𝖆𝖗𝖉 𝖔𝖋 𝕻𝖆𝖗𝖔𝖑𝖊
### of the
## 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕮𝖔𝖑𝖚𝖒𝖇𝖎𝖆

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

| | |
|---|---|
| DCDC  244-233 | **NAME**  VERONICA M BLUE |
| **DOB**    11/05/1952 | **SSN**  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       **LOCATION**  CTF |
| **DOCKET**  H9406-0099 | **CONSIDERATION TYPE**  H:REVOCATION |

The District of Columbia Board of Parole issues the following **ORDER**:

    REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
    GRANT REPAROLE TO SUPERVISION

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

    FAILED TO OBEY ALL LAWS
    FAILED TO REPORT ARREST TO PO
    FAILED TO REPORT AS DIRECTED
    ILLEG SOLD CONTROL-DANGER SUBSTANCE

06/29/1994
_____
Date

Chairman
on behalf of the Board of Parole

A TRUE COPY
TEST

Seal

Director, Michael Green
Parole Determination
D.C. Board of Parole

[ Offender ]

Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | *PRESENTENCE INVESTIGATION REPORT* |
| | ) | |
| Veronica Blue | ) . | *Docket No. CR 94-181-01* |

---

**Prepared for:**     The Honorable Charles R. Richey
United States District Judge

**Prepared by:**     George Neal, Jr.
United States Probation Officer
Washington, D.C.
(202) 273-0181

<u>Assistant U.S. Attorney</u>     <u>Defense Counsel</u>
Ralph J. Caccia     Michael Wallace
555 4th Street, N.W.     625 Indiana Avenue, N.W.
Washington, D.C. 20001     Suite 550
(202) 514-7249     Washington, D.C. 20001
(202) 208-7500

**Sentencing Date:**     August 15, 1994, at 2:00 p.m.

**Offense:**     <u>Count One:</u> Forging an Endorsement on a Treasury Check of the United States and Aiding and Abetting {18 U.S.C. 510(c) and 2} - 1 year imprisonment/$100,000 fine

**Release Status:**     Arrested March 17, 1994. Ordered held without bond , in which status she remains.

**Detainers:**     D.C. Department of Parole, 4/21/94

**Codefendants:**     Felicia Holmes, Docket No. CR 94-181-02

**Related Cases:**     None

**Date Report Prepared:** 7/19/94         **Date Report Revised:** 8/3/94

BLUE, Veronica                                                    *Page 5*

19.  *Adjustment for Acceptance of Responsibility: The defendant has accepted responsibility for this offense by admitting her guilt. Pursuant to U.S.S.G. § 3E1.1(a), the offense level is reduced by 2 levels*                                              -2

20.  *Chapter Four Enhancements: None*                                    0

21.  *Total Offense Level:*                                               7

**PART B.    THE DEFENDANT'S CRIMINAL HISTORY**

*Juvenile Adjudication(s)*

22.  None known.

*Adult Criminal Conviction(s)*

| | Date of Arrest | Conviction/ Court | Date Sentence Imposed/Disposition | Guideline/ Points | |
|---|---|---|---|---|---|
| 23. | 5/16/89 (age 36) | Attempted Possession With Intent to Distribute Cocaine; D.C. Superior Court; Dkt. No. F5641-89C | 2/7/90; 15 to 45 months, ESS, 3 years probation; probation revoked 7/16/90, 15 to 45 months; paroled 7/3/91 | 4A1.1(a) | 3 |

*The defendant was represented by counsel. Ms. Blue attempted to sell crack cocaine to undercover officers at the 300 block of Livingston Road, S.E., Washington, D.C. Her supervision was revoked due to failure to attend inpatient drug counseling. A parole detainer was lodged on April 21, 1994.*

| | Date of Arrest | Conviction/ Court | Date Sentence Imposed/Disposition | Guideline/ Points | |
|---|---|---|---|---|---|
| 24. | 6/25/92 (age 39) | Possession of Cocaine; Circuit Court of Maryland, Prince George's County; Dkt. No. CT95-1236B | 9/1/93; 1 year, ESS all but 1 day; 1 year probation | 4A1.1(c) | 1 |

*The defendant was represented by counsel. Details of the offense were unavailable. According to the defendant's probation officer, her supervision will be allowed to terminate unsuccessful on September 1, 1994. Ms. Blue only reported to the probation office on two occasions. Most of her time was spent in jail on other charges.*

418

| 25. | 7/20/93 (age 41) | Distribution of Cocaine; D.C. Superior Court Dkt No. F0792A-93B | 4/19/94; 3 to 9 years suspended; 5 years probation | 4A1.1(c) | 1 |

Ms. Blue was represented by counsel. Ms. Blue sold an undercover police officer $20 worth of crack cocaine. According to the defendant's probation officer, the probation department has been unable to provide drug treatment to the defendant due to parole detainer.

### Criminal History Computation

26. The criminal convictions above result in a subtotal criminal history score of 5.

27. At the time the instant offense was committed, the defendant was on parole supervision for a conviction on February 7, 1990, in D.C. Superior Court (F5641-89C). Pursuant to U.S.S.G. § 4A1.1(d), 2 points were added.

28. The defendant committed the instant offense less than two years after released from imprisonment on a sentence under U.S.S.G. § 4A1.1(a), (F5641-89C). Pursuant to U.S.S.G. § 4A1.1(e), only 1 point is added if the defendant receives 2 points for U.S.S.G. § 4A1.1(d).

29. The total criminal history points is 8. According to the Sentencing Table (Chapter 5, Part A), 7 to 9 criminal history points establish a criminal history category of IV.

Exhibit C

# The Board of Parole
### of the
# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 2

In reference to:

| | |
|---|---|
| DCDC 244-233 | NAME VERONICA M BLUE |
| DOB 11/05/1952 | SSN 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     LOCATION CTF |
| DOCKET D9410-0012 | CONSIDERATION TYPE N:AMEND ACTION |

The District of Columbia Board of Parole issues the following **ORDER:**

RESCIND GRANT OF 06/29/1994 AND DENY REPAROLE; RELEASE AT MANDATORY DATE

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

10/12/1994
Date

A TRUE COPY
TEST
Seal

Director, Michael Green
Parole Determination
D.C. Board of Parole

Chairman
on behalf of the Board of Parole

[ Institution ]

EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

United States of America

v.

Veronica Blue

CR. NO. 94-181(CRR)

Washington, D.C.
August 16, 1994
2:00 p.m.

TRANSCRIPT OF SENTENCING

BEFORE THE HONORABLE
CHARLES R. RICHEY

UNITED STATES DISTRICT JUDGE

*APPEARANCES:*

For the Government: RALPH CACCIA, ESQ.

For the Defendant: JAMES HOLLOWAY, ESQ.

Court Reporter: Frank J. Rangus, OCR
U.S. Courthouse, Rm. 6822
Washington, D.C. 20001
(202) 371-0545

Proceedings recorded by mechanical stenography; transcript produced by computer.

THE COURT: Well, what is the low end of the Guidelines here?

MR. CACCIA: Your Honor (pause), Your Honor—

THE COURT: Probation, eight to 12 months, that's what it is.

MR. CACCIA: She's a Zone B sentence. I'm sorry. She's a Zone C sentence, eight to—

THE COURT: That's a "C" crime; that's right.

MR. CACCIA: So she has to do half the minimum—

THE COURT: I know.

MR. CACCIA: —incarceration.

THE COURT: That's why I asked you the first question.

MR. CACCIA: Yes. Was I (pause)—she has to do four months' incarceration. She may have that much time in already. I don't know how much.

THE COURT: How much time did you serve since you were arrested?

MS. BLUE: Five months.

MR. CACCIA: She may have in already the requisite amount of time the court has to sentence her. The minimum the court could give her is eight months, four months' incarceration.

THE COURT: You mean the maximum.

MR. CACCIA: No, the minimum.

THE COURT: Oh, I see.

MR. CACCIA: All right. Eight months, four months' incarceration and then the balance in a community-confinement or a home-detention situation. The government is more than happy with that.

THE COURT: Thank you.

All right, the court is ready to impose sentence.

Thank you very much.

Are you ready?

MR. HOLLOWAY: Miss Blue had one suggestion, Your Honor.

THE COURT: Surely.

MR. HOLLOWAY: I suggested a residential treatment program.

THE COURT: I know you did.

MR. HOLLOWAY: I really didn't do that with her approval, although I think, as the court has noted, she's recognized her drug problem. She really wants to go to a halfway house, which would provide for her a transition. She could get counseling in the halfway house. I know there is a Discovery Manor. I just wanted to say that because she whispered that to me just now. If the court gave her five months, basically the time that she served, and three months in a halfway house, it would give her three months to trans (pause), reintegrate, come back into the community.

THE COURT: Thank you, Mr. Holloway.

Anything else?

MR. HOLLOWAY: No, Your Honor.

THE COURT: All right.

It is the judgment of the court that the defendant, Veronica Blue, is hereby committed to the custody of the United States Bureau of Prisons for eight months, and that she shall be given credit for time served and placed on supervised release for one year, and placed in a halfway house under the jurisdiction of the Bureau of Prisons for four months as a condition of her supervised release.

Do you want me to repeat? Do you want me to repeat?

MR. NEAL: Special assessment.

THE COURT: Oh.

There shall be a special assessment paid, and that she pay within 30 days of this date, of $25. The court has no discretion. That's a statutory, absolute minimum.

Do you want a booking order?

MR. CACCIA: Please, sir.

THE COURT: All right, I'll sign it.

MR. HOLLOWAY: Your Honor, just so I can explain to Miss Blue, I do want to be clear.

THE COURT: The probation officer will explain it to you.

Good luck to you, Miss Blue. You've got every opportunity now.

MS. BLUE: Thank you, Your Honor.

MR. HOLLOWAY: Thank you, Judge.

Your Honor, there seems to be some confusion. The probation officer and I have different interpretations of what the court just did.

THE COURT: Well, it will be spelled out in the order. Eight months with time served. I said it. You can hear English.

MR. HOLLOWAY: That's a total of 12 months, Your Honor?

THE COURT: I'm not going to explain it anymore. I pronounced the sentence. It's for her benefit. You're lucky. If it wasn't for you, she probably wouldn't have gotten it.

Thank you.

Next case, Mr. Clerk.

(PROCEEDINGS ADJOURNED)

---

(END OF TRANSCRIPT)

I, Frank J. Rangus, Official Court Reporter, do hereby certify that the foregoing transcript is a true and accurate transcription of my stenographic notes.

/s/ Frank J. Rangus

Frank J. Rangus, OCR

(date)
1/23/95

Exhibit E

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet 1 - Judgment in a Criminal Case

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 18 1994

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

Case Number CR 94-181-01

VERONICA BLUE
Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, VERONICA BLUE, was represented by James Holloway, Esquire.

The defendant pleaded guilty to count(s) 1 of the information.
Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER |
|---|---|---|---|
| 18 USC 510(c); 2 | FORGING AN ENDORSEMENT ON A TREASURY CHECK OF THE UNITED STATES; AIDING & ABETTING | 05/27/93 | 1 |

As pronounced on August 16, 1994, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 25.00, for count(s) 1 of the information, which shall be due within thirty days of the imposition of sentence.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _18_ day of _August_ , 19_94_.

CHARLES R. RICHEY,
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 11/5/52
Defendant's mailing address: 529 25th Place, NW; Washington, DC 20002
Defendant's mailing address: Incarcerated

AO 245 S ,Rev. 11/92)(D.C. rev.) Sheet 2 - Imprisonment

Defendant: VERONICA BLUE
Case Number: CR 94-181-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of EIGHT (8) MONTHS; defendant to be given credit for time served.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
Defendant delivered on _____to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
, Deputy Marshal

AO 245 S (Rev. 11/92)(D.C.rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 4

Defendant: VERONICA BLUE
Case Number: CR 94-181-01

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ONE (1) YEAR.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.  If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.  The defendant shall not own or possess a firearm or destructive device.

3.  As a condition of supervision, the defendant shall be placed in a half-way house under the jurisdiction of the Bureau of Prisons for a period of Four(4) Months.

4.  The defendant shall obey such further orders, which may be issued from time to time, by the Court or the Probation Office.

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)  The defendant shall support his or her dependents and meet other family responsibilities.
5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)  The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

425

Defendant: VERONICA BLUE
Case Number: CR 94-181-01

### STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:_____

Criminal History Category:_____

Imprisonment Range: _____ to _____ months

Supervised Release Range: _____ to _____ years

Fine Range: $_____ to $_____

   ☐ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $_____

   ☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

   ☐ upon motion of the government, as a result of defendant's substantial assistance.

   ☐ for the following reason(s):