Arthur PRIOLEAU, Petitioner,

v.

UNITED STATES of America.

Nos. 89 Civ. 8543 (JES), S 87 Cr.
201–03 (JES).

United States District Court,
S.D. New York.

Oct. 5, 1990.

Otto G. Obermaier, U.S. Atty., S.D.N.Y.
(Jonathan N. Halpern, Asst. U.S. Atty.,
New York City), of counsel, for the U.S.

Arthur Prioleau, Lewisburg, Pa., pro se.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge:

Petitioner Arthur Prioleau brings this pe-
tition pursuant to 28 U.S.C. § 2255 seeking
to be resentenced so that the Court can
specify that his sentence was intended to
run concurrently with a sentence imposed
by the New Jersey state courts.[1]  For the

---

1.  Petitioner originally wrote to the Court asking
the Court to specify that his sentence was
deemed to be concurrent with his state sen-
tence.  Because he is proceeding *pro se* the

Court construed the petition as one to vacate,
set aside or correct the sentence pursuant to 28
U.S.C. § 2255.

reasons that follow, the sentence is vacated and the Court directs that petitioner shall be resentenced.

## BACKGROUND

Petitioner was convicted of armed bank robbery and conspiracy to commit bank robbery on July 17, 1987. On November 20, 1987, the Court sentenced petitioner to a term of imprisonment of ten years on the armed bank robbery count and five years on the conspiracy count, those sentences to run concurrently with each other. At sentencing, the Court inquired of counsel whether petitioner was subject to any other sentences to which this Court's sentence should run consecutive. Counsel replied in the negative. *See* Transcript of Sentencing ("Tr.") at 16 (Nov. 20, 1987).

However, it now appears that at the time of sentencing petitioner was serving a four year state prison term imposed on October 29, 1986 in New Jersey after petitioner violated the conditions of a probation term arising out of a conviction for theft by deception.

## DISCUSSION

Petitioner now seeks a clarification as to whether this Court's sentence runs consecutive or concurrent to his state sentence because the federal prison authorities are treating his sentence as consecutive thereby "adversely affecting [his] security level, custody and programming within [the federal prison]." *See* Letter of Arthur Prioleau to Hon. John E. Sprizzo (September 22, 1989).

■ While a challenge to the prison authorities' decision to treat his sentences as consecutive rather than concurrent might be construed as a challenge to the manner of execution of the sentence and not the sentence itself, *see United States v. Scott,* 803 F.2d 1095, 1096 (10th Cir.1986) (claim that federal sentence ran concurrent to state sentence and had expired was not cognizable under § 2255), the Court does not believe that such an approach would be appropriate here. In this case the Court never addressed at sentence the issue of whether the sentence should be consecutive or concurrent because the Court was erroneously advised that petitioner was not serving any other state sentence. Therefore, petitioner does challenge the validity of the sentencing procedure itself and not merely the manner in which the sentence has been executed.

■ Thus, this case fits within the rule that a sentencing court's reliance upon false information at sentencing renders the sentencing procedure invalid. *See United States v. Tucker,* 404 U.S. 443, 447, 448, 92 S.Ct. 589, 591, 592, 30 L.Ed.2d 592 (1972); *King v. Hoke,* 825 F.2d 720, 724 (2d Cir. 1987). While it is true that at the time of sentencing it was not clear that a federal court had the power to designate a federal sentence as concurrent to an undischarged state sentence, *cf. United States v. Segal,* 549 F.2d 1293, 1301 (9th Cir.), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977); *United States v. Huss,* 520 F.2d 598, 602 (2d Cir.1975), it may have had the power to make a non-binding recommendation to the Attorney General that a state facility be designated as the site for service of the federal sentence, thereby making service of the sentences in effect concurrent.[2] *See United States v. Sackinger,* 704 F.2d 29, 30 (2d Cir.1983); *United States v. Williams,* 651 F.2d 644, 647 n. 2 (9th Cir. 1981). Therefore, petitioner could have argued that the Court should make such a recommendation at sentencing even if the recommendation would not have been bind-

---

Petitioner has also requested that his counsel at the original sentencing, Mr. Daniel Felber, Esq., be appointed to represent him.

**2.** The Court notes that the Sentencing Reform Act, Pub.L. 98–473, tit. II, § 212(a)(2), 98 Stat. 2000 (1984) enacted 18 U.S.C. § 3584 (1988), to expressly provide the Court with the discretion to designate a sentence as consecutive or concurrent with respect to a defendant already sub-

ject to an undischarged term of imprisonment. *See* 18 U.S.C. § 3584; S.Rep. No. 225, 98th, 2d Sess. 126–27 & nn. 310, 313, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3309–10. However, that section does not apply to this case because the crimes for which petitioner was convicted occurred before November 1, 1987, the effective date of the Sentencing Reform Act.

ing upon the attorney general. However, because neither the Court nor the attorneys were aware that he was serving a state sentence at the time of sentence he was deprived of that opportunity. Accordingly, the Court concludes that he should be resentenced.

## CONCLUSION

For the reasons stated above, petitioner's sentence shall be vacated and petitioner shall be resentenced. Mr. Daniel Felber, Esq. is hereby appointed as counsel for petitioner for the purposes of representing him at resentencing. Counsel are directed to confer with the Court's clerk within 20 days to schedule the proceeding.

It is SO ORDERED.