922 F.2d 845
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 James Lee PINKERTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-55620.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 3, 1990.*
Decided Jan. 7, 1991.
 Before WALLACE, O'SCANNLAIN and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Pinkerton was convicted for his role in murdering, assaulting, and robbing postal employees, and in conspiring to rob persons of U.S. property. His conviction was affirmed in United States v. Adams, 581 F.2d 193 (9th Cir.) (Adams ), cert. denied, 439 U.S. 1006 (1978).
 
 
 2
 Pinkerton filed a motion pursuant to 28 U.S.C. Sec. 2255 alleging due process violations in his trial. Pinkerton appeals from the district court's denial of his motion. The district court had jurisdiction, and we exercise jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 2255. We review a district court's denial of a section 2255 writ of habeas corpus de novo. McGuire v. Estelle, 902 F.2d 749, 753 (9th Cir.), reh'g denied en banc, --- F.2d ---- (9th Cir. Nov. 23, 1990). We affirm.
 
 
 3
 Pinkerton first argues that he was sentenced in violation of Townsend v. Burke, 334 U.S. 736 (1948), on the basis of materially false information. The government claims that Pinkerton has waived this contention by failing to raise it at the time of sentencing. We need not decide whether this is a claim which "should have been raised on a direct appeal," Hammond v. United States, 408 F.2d 481, 483 (9th Cir.1969) (Hammond ), because we conclude that Pinkerton has failed to establish any grounds for relief. We therefore do not reach any potential waiver and address the merits of this claim.
 
 
 4
 Pinkerton argues that it was improper for Judge Blumenfeld to sentence him based on the judge's personal belief that Pinkerton was guilty of six counts, when he had only been charged and convicted of five. As a general rule, "judges have discretion to consider a wide variety of information from a variety of sources in order to tailor the punishment to the criminal rather than to the crime." United States v. Morgan, 595 F.2d 1134, 1136 (9th Cir.1979). One exception to this rule, however, "prohibits consideration of false information in the sentencing process." Id.
 
 
 5
 In order to establish improper reliance on false information warranting habeas corpus relief, "the appellant must show that the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." United States v. Lewis, 880 F.2d 243, 246 (9th Cir.1989) (internal quotations omitted). Thus, Pinkerton must show where it "affirmatively appears in the record that the court based its sentence on improper information." Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (emphasis in original). Pinkerton fails to meet this standard.
 
 
 6
 Pinkerton presents no evidence indicating that the judge's sentencing choice was based on any evidence other than the five counts on which Pinkerton was convicted. The sentence imposed was well below the statutory maximum on the counts for which he was convicted, which would tend to indicate that the decision was not based on information other than that relating to the five convictions. In any event, absent an affirmative showing in the record that the sentencing decision was based on improper information, Pinkerton has failed to demonstrate reversible error under Lewis or Farrow.
 
 
 7
 Pinkerton's next contention is that he was sentenced pursuant to Judge Blumenfeld's allegedly unconstitutional, predetermined sentencing policies. Two cases are cited in support of this argument, Williams v. New York, 337 U.S. 241, reh'g denied, 337 U.S. 961 and 338 U.S. 841 (1949), and Williams v. Oklahoma, 358 U.S. 576, reh'g denied, 359 U.S. 956 (1959). Both cases, however, merely permit a judge to consider a wide variety of information in making sentencing decisions; they do not explicitly impose a duty to do so. Williams v. New York, 337 U.S. at 247-48; Williams v. Oklahoma, 358 U.S. at 585. Although these cases do prevent a judge from considering inappropriate information in making sentencing decisions, nowhere in the present case has it been alleged that Judge Blumenfeld considered inappropriate evidence in the sentencing process. Pinkerton has failed to present any evidence which indicates a predetermined sentencing policy. Such unsupported allegations are insufficient to establish constitutional violations.
 
 
 8
 Finally, Pinkerton argues that the use of a previously hypnotized witness during trial was a violation of due process because it impeded effective cross-examination and was unduly prejudicial. We decline to consider this argument because it is clearly one that should have been raised on direct appeal. Hammond, 408 F.2d at 483. In fact, we already addressed and dismissed Pinkerton and co-defendant Adams's claims on this same general issue on the prior appeal. Adams, 581 F.2d at 198-99. Thus, Pinkerton's final argument is precluded under Hammond.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4