992 F.2d 10
 UNITED STATES of America, Appellee,
v.
Edward FERRARO; Leonard Portello; Richard Trimingham;
Fred Martell; George Anderson; Joseph Sullivan; Robert
Bauer; Henry Kenney; David Kerwin; William Apsch; Ronald
Ramis; Theresa Iseli, also known as Terry Velasquez; James
Sheets; Susan Sheets; Thomas Scinto; Lori Keller;
Patricia Mataraza; Kenneth Smith and Steven Wise, Defendants,
and
Anthony Esposito, Defendant-Appellant.
 No. 486, Docket 92-1187.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 8, 1993.
Decided April 19, 1993.
 
 J. Scott Porter, Syracuse, NY, for defendant-appellant.
 David R. Homer, Asst. U.S. Atty. for the N.D. of N.Y. (Gary L. Sharpe, Acting U.S. Atty., Syracuse, NY, of counsel), for appellee.
 Before: PRATT and MAHONEY, Circuit Judges, and DANIEL M. FRIEDMAN, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.
 PER CURIAM:
 
 
 1
 Anthony Esposito appeals from a judgment of the United States District Court for the Northern District of New York, Thomas J. McAvoy, Judge, that sentenced him, following his plea of guilty, to 250 months' imprisonment, five years' supervised release, and a $50 special assessment.
 
 
 2
 Esposito's counsel, J. Scott Porter, moves to be relieved as assigned appellate counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that the appeal cannot succeed because the notice of appeal was filed late. The government cross-moves for summary affirmance of the district court's judgment.
 
 
 3
 This Anders motion is complicated by two factors prompting our disposition by published opinion. First, because Esposito's notice of appeal was untimely filed, we lack jurisdiction to hear his appeal. The judgment of conviction and sentence was entered on October 7, 1991; Esposito's notice of appeal was not filed in the district court until March 17, 1992. Federal Rule of Appellate Procedure 4(b) requires that a notice of appeal be filed in the district court within ten days after the entry of the judgment appealed from. The district court properly denied Esposito's motion to file an appeal out of time on March 17, because rule 4(b) allows such motions to be entertained only during a period of thirty days following the expiration of the original ten-day period.
 
 
 4
 Moreover, the requirement of a timely notice of appeal in rule 4(b) is jurisdictional. Matarese v. LeFevre, 801 F.2d 98, 104 (2d Cir.1986), cert. denied, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). We are therefore precluded from considering Esposito's appeal, and accordingly grant his counsel's motion to relieve him as counsel in the case. Anders, 386 U.S. at 744, 87 S.Ct. at 1400 (appellate court may grant counsel's motion to be relieved from appeal after court examines proceedings to determine no non-frivolous issues exist).
 
 
 5
 At this point, the second complicating factor comes into play. The transcript of Esposito's sentencing reveals that the district court did not inform Esposito of his right to appeal his sentence. Fed.R.Crim.P. 32(a)(2) provides, however, that
 
 
 6
 [t]here shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty * * * except that the court shall advise the defendant of any right to appeal the sentence. (emphasis added).
 
 
 7
 Congress enacted this amendment to rule 32 as part of its guidelines system of sentencing reform under which a right to appeal one's sentence has become more meaningful. The majority of courts require the district court to comply strictly with the notice requirements of the rule. See, e.g., United States v. Butler, 938 F.2d 702, 703 (6th Cir.1991); Paige v. United States, 443 F.2d 781, 782 (4th Cir.1971); United States v. Deans, 436 F.2d 596, 599 (3d Cir.), cert. denied, 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971); United States v. Benthiem, 434 F.2d 1031, 1032 (1st Cir.1970); Nance v. United States, 422 F.2d 590, 591 (7th Cir.1970).
 
 
 8
 Judge Heaney's approach construing a similar notice provision in rule 32(a)(2) in United States v. Drummond makes sense. United States v. Drummond, 903 F.2d 1171, 1176 (8th Cir.1990) (Heaney, J., dissenting), cert. denied, 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991). He noted that rule 32(a)(2) represents a "bright-line rule requiring notice in all cases [that] was adopted to eliminate persistent litigation over whether the defendant had been fully informed of his rights by his counsel." Id. at 1175.
 
 
 9
 We are presently unable to address the merits of Esposito's appeal--which were not even briefed--due to the jurisdictional defect. Adherence to the purpose of rule 32(a)(2), however, requires that we dismiss the appeal and grant Porter's Anders motion for relief as appellate counsel without prejudice to a motion in the district court for collateral relief pursuant to 28 U.S.C. § 2255. See Rodriquez v. United States, 395 U.S. 327, 329-32, 89 S.Ct. 1715, 1717-18, 23 L.Ed.2d 340 (1969). We leave it to the district court to determine whether Esposito would benefit by the appointment of counsel to assist in preparing that motion. The appeal is dismissed for want of appellate jurisdiction. The government's cross-motion for summary affirmance is denied as moot.