Arthur **PRIOLEAU**, Petitioner,

v.

**UNITED STATES of America.**

Nos. 92 Civ. 3600 (JES), S
87 Cr. 201–03 (JES).

United States District Court,
S.D. New York.

Aug. 24, 1993.

Otto G. Obermaier, U.S. Atty. for the Southern District of New York, New York City (Maria L. Zanfini, Asst. U.S. Atty., of counsel), for U.S.

Cheryl L. Sturm, West Chester, PA, for petitioner.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner Arthur Prioleau brings this petition pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence because he was not informed of his right to appeal.[1] For the reasons that follow, that petition is granted, and the Court directs that petitioner be resentenced.

## BACKGROUND

Petitioner was convicted of armed bank robbery and conspiracy to commit bank robbery on July 17, 1987. He was sentenced to concurrent terms of ten years in prison on the armed bank robbery count and five years on the conspiracy count on November 20, 1987. That judgment was affirmed by the Court of Appeals on March 9, 1988.

In August, 1989, petitioner wrote a letter, later deemed a *pro se* petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, seeking a clarification that his sentence was intended to run concurrently with a four year New Jersey state prison term that petitioner was at that time serving. Since the Court had been uninformed at the time of sentencing that petitioner was subject to any other sentences, *see Prioleau, supra*, 746 F.Supp. at 384, the Court vacated the November 20, 1987, sentence and, on December 11, 1990, resentenced petitioner to the same sentence to run consecutively with the state sentence.

Petitioner was represented at that resentencing by court appointed counsel. Petitioner now argues that he was denied effective assistance of that counsel and due process of law since he was not advised by counsel or by the Court that he had a right to appeal after that judgment of sentence. A review of the transcript of Prioleau's December 11, 1990, resentencing reveals that the Court did not advise Prioleau of his right to appeal.

## DISCUSSION

Federal Rule of Criminal Procedure 32(a)(2) requires courts, at sentencing, to inform defendants of their right to appeal. After the implementation of the Sentencing Guidelines, Rule 32(a)(2) was amended to require that trial courts further notify defendants of their right to appeal their sentences. *See* Fed.R.Crim.P. 32(a)(2).[2] Since the Sen-

---

1. In a prior Memorandum Opinion and Order dated October 5, 1990, this Court vacated the original sentence it imposed on petitioner. *See Prioleau v. United States*, 746 F.Supp. 383 (S.D.N.Y.1990). Prioleau was subsequently resentenced. The instant petition attacks the fact that both defense counsel and the Court failed to inform Prioleau of his right to appeal that resentence.

2. Rule 32(a)(2), amended to add the following underlined language, reads in pertinent part:

"After imposing sentence in a case which has gone to trial on a plea of not guilty, the court

tencing Guidelines do not apply to the instant case, this defendant has no clear right to be specifically notified of his right to appeal his sentence. However, he is entitled to be notified of his right to appeal.

 Both before and after the aforesaid amendment, Rule 32(a)(2) has been interpreted to mandate that district courts advise defendants of their appeal rights. *See United States v. Ferraro*, 992 F.2d 10, 11–12 (2d Cir.1993) (per curiam) (citing *United States v. Butler*, 938 F.2d 702, 703 (6th Cir.1991); *Paige v. United States*, 443 F.2d 781, 782 (4th Cir.1971); *United States v. Deans*, 436 F.2d 596, 599 (3d Cir.), *cert. denied*, 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971); *United States v. Benthien*, 434 F.2d 1031, 1032 (1st Cir.1970); *Nance v. United States*, 422 F.2d 590, 591–92 (7th Cir.1970)). This mandatory rule is designed to spare courts from having to inquire after the fact into whether defendants were aware of that right even though not specifically advised of that right by the Court. *See, e.g., Ferraro, supra,* 992 F.2d at 12; *United States v. Drummond,* 903 F.2d 1171, 1176–78 (8th Cir.1990) (Heaney, J., dissenting), *cert. denied,* 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991); Fed.R.Crim.P. 32 advisory committee's note, 1966 Amendment (requiring courts to advise defendants of their right to appeal to prevent litigation caused by trial counsels's frequent failures to do so).[3]

The only serious question here is whether that bright line rule should be applied where, as here, a defendant has already taken an appeal from his conviction on the merits, and where all issues arising out of his conviction, including those issues relating to his sentence, could have been raised, and where, therefore, the policy considerations underlying the bright line rule may not be applicable, especially given the limited appellate jurisdiction to review sentencing issues in a pre-Guidelines case.

The Court concludes that given the language of the Rule and the interpretations placed on it by this Circuit, that it ought to apply the bright line rule notwithstanding the considerations noted above, resentence the defendant, and let the Court of Appeals determine the correctness of the applicability of that rule on the unique facts of this case. In so doing the Court expresses no view as to whether on that appeal the defendant should be permitted to raise issues that could or should have been raised on his first appeal.[4]

### CONCLUSION

For the reasons stated above, the above-captioned petition is granted. Petitioner's sentence is hereby vacated and petitioner shall be resentenced. Counsel are directed to confer with the Court's clerk within 30 days to schedule the proceeding.

It is **SO ORDERED.**

---

shall advise the defendant of the defendant's right to appeal, <u>including any right to appeal the sentence</u>.... There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, <u>except that the court shall advise the defendant of any right to appeal the sentence.</u>"
*Id.* (underlining added).
Although a defendant's sentence used to be virtually unreviewable on appeal since it was committed largely to the broad discretion of trial judges, *see United States v. Tucker,* 404 U.S. 443, 446–47, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1971); *United States v. Daly,* 842 F.2d 1380, 1393 (2d Cir.), *cert. denied sub nom. Giardina v. United States,* 488 U.S. 821, 109 S.Ct. 66, 102 L.Ed.2d 43 (1988), the Guidelines have dramatically increased the range of possible appellate issues related to sentencing.

**3.** Indeed, the harmless error analysis applied by the majority in *Drummond* has been expressly rejected by the Court of Appeals in this Circuit. *See Ferraro, supra,* 992 F.2d at 11–12 (adopting the position of Judge Heaney in his dissent in *Drummond* which favors a "bright-line rule requiring notice in all cases [that] was adopted to eliminate persistent litigation over whether the defendant had been fully informed of his rights by his counsel").

**4.** In view of the Court's decision that the defendant should be resentenced, the Court need not resolve any of the issues raised by this petition, such as whether defendant was denied effective assistance of counsel at his resentencing.