72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
Michael Thomas MARTIN, Defendant-Appellant.
 No. 95-1576.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 Before: BROWN, NELSON and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Michael Thomas Martin, a pro se federal prisoner, appeals a district court order denying his motion to correct his sentence, filed under Fed.R.Crim.P. 36. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Martin pleaded guilty to armed bank robbery, attempted bank robbery, and using a firearm during a crime of violence. He was sentenced on July 10, 1991, to 165 months in prison and three years of supervised release and did not appeal. These crimes were committed while Martin was on parole from a 20-year federal sentence imposed in March 1979. Following his sentencing in this case, Martin's parole was revoked. Subsequently, Martin filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. A panel of this court affirmed the district court's denial of that motion in an unpublished order. Martin v. United States, No. 92-2299 (6th Cir. July 1, 1993).
 
 
 3
 In January 1995, Martin sent a letter to the district court which was construed as a motion to correct his sentence under Rule 36. Citing USSG Sec. 5G1.3 and 18 U.S.C. Sec. 3584, Martin requested that the district court correct his judgment and commitment order to specify that his 165-month prison term run concurrently with his unexpired term from 1979. The district court denied the motion in an order filed on March 9 and entered on March 10, 1995, on the ground that USSG Sec. 5G1.3 was inapplicable to Martin's case and that the motion, therefore, presented no valid basis for relief. Martin's timely motion for reconsideration was denied in an order filed on May 8 and entered on May 10, 1995. On appeal, Martin continues to argue the merits of his motion.
 
 
 4
 Upon review, we affirm the district court's order because the relief sought by Martin is not available under Fed.R.Crim.P. 36 and, even if his motion is construed as brought under 28 U.S.C. Sec. 2255, it does not warrant relief.
 
 
 5
 Rule 36 confines its relief to the correction of clerical errors, oversights, and omissions. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Martin does not even claim that there is a clerical error in the district court's judgment. Instead, he requests that the judgment be "corrected" to specify that the federal sentence imposed in 1991 run concurrently with the federal sentence imposed in 1979. Such relief would result in a substantive change in Martin's sentence which would shorten his total period of incarceration. "That relief is not within the ambit of Rule 36." Id.
 
 
 6
 Nor is Martin entitled to relief under Sec. 2255. A motion to vacate under Sec. 2255 does not serve as a substitute for bringing a direct criminal appeal. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993); see also United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984) (failure to object at sentencing and raise issue on appeal waived right to assert issue in Sec. 2255 motion). Thus, before a federal prisoner may obtain collateral review of issues not previously raised on direct appeal, he must first show cause to excuse his failure to do so and actual prejudice resulting from the alleged violation. Reed, 114 S.Ct. at 2300; Ratliff, 999 F.2d at 1025. Martin has not done so. Furthermore, Martin's motion would be subject to dismissal as an abuse of the writ because the ground for relief now raised could have been brought in his first motion to vacate. See Rule 9(b), Rules Governing Section 2255 Proceedings; McCleskey v. Zant, 499 U.S. 467, 489-90 (1991); Peltier v. Henman, 997 F.2d 461, 473 (8th Cir.1993).
 
 
 7
 Even if it is assumed that Martin established cause and prejudice for not raising this issue earlier and that his motion does not constitute an abuse of the writ, the motion is still without merit. In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed, 114 S.Ct. at 2297, 2300; United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). The alleged error advanced by Martin does not even come close to meeting this standard. Martin merely seeks a change in his judgment to impose a concurrent, rather than consecutive, sentence. Even he admits that "[a] district court is authorized to impose consecutive or concurrent sentences if a term of imprisonment is imposed on a defendant already subject to another sentence. 18 U.S.C. Sec. 3584." United States v. Jackson, 990 F.2d 251, 254 (6th Cir.1993). See also United States v. Hunter, 993 F.2d 127, 130 (6th Cir.1993). Because the district court did not specify that Martin's sentences were to run concurrently, by operation of the statute they run consecutively. See 18 U.S.C. Sec. 3584(a). The district court did not err in denying Martin's request to alter its judgment almost four years later.
 
 
 8
 Accordingly, the district court's order, entered on March 10, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.