108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Gregory V. BROWN, Defendant-Appellant.
 No. 96-1590.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 1
 APPEARING FOR APPELLANT: Gregory V. Brown, pro se, Raybrook, New York.
 
 
 2
 APPEARING FOR APPELLEES:Joshua W. Nesbitt, Assistant United States Attorney, Northern District of New York, Albany, New York.
 
 
 3
 PRESENT: Honorable JOHN M. WALKER, Jr., Honorable JOSEPH M. McLAUGHLIN, Honorable HARLINGTON WOOD, Jr.,* Circuit Judges.
 
 SUMMARY ORDER
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York (Thomas J. McAvoy, Chief Judge ) and was submitted by both parties.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal from the order of the United States District Court for the Northern District of New York is DISMISSED.
 
 
 6
 Defendant, Gregory Vincent Brown, pro se, appeals from the August 20, 1996, order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, Chief Judge ) revoking defendant's term of supervised release. Prior to revocation, on November 14, 1990, Brown had been sentenced to a term of incarceration of 36 months, followed by a term of supervised release of 24 months, for convictions on charges of false representation, 18 U.S.C. §§ 499, 912, 1001, embezzlement of United States' funds, 18 U.S.C. § 641, possession of false identification, 18 U.S.C. § 1028, unlawful importation of goods, 18 U.S.C. § 545, and threatening harm to a witness, 18 U.S.C. § 1513.
 
 
 7
 As a basis for revoking probation, the district court found that Brown had committed new criminal conduct (aggravated harassment and contempt of court under New York penal law) and failed to follow instructions of his probation officer to refrain from violations of the law and abide by a protection order entered against him. Further, Brown admitted to failing to advise his probation officer of a change in his employment status as required by the terms of his supervised release. After a revocation proceeding, the court, by order entered August 20, 1996, committed defendant to custody for a term of 18 months. Defendant filed a notice of appeal on September 3, 1996.
 
 
 8
 Under Fed.R.App.P. 4(b): "In a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry of either the judgment or the order appealed from...." Defendant in this case, failed to file a notice of appeal within the period provided. As noted, the district court entered its judgment on Tuesday, August 20, 1996. Accordingly, pursuant to Fed.R.App.P. 4(b), defendant was required to file his notice of appeal, at the latest, on Friday August 30, 1996, ten days after entry of judgment. Defendant's counsel, however, filed his notice of appeal on September 3, 1996, one business day later. (The intervening weekend included the Labor Day holiday.) Defendant, thus, filed out of time. See United States v. Clark, 51 F.3d 42, 43 (5th Cir.1995) (finding Fed.R.App.P. 4(b) applicable to judgment revoking term of supervised release); United States v. Patterson, 982 F.2d 319, 320 (9th Cir.1992) (per curiam ) (same); United States v. Johnson, 980 F.2d 1212, 1212 (8th Cir.1992) (per curiam ) (same).
 
 
 9
 Although the government fails to raise this matter, we must do so sua sponte, as timeliness of a defendant's notice of appeal implicates our jurisdictional authority. United States v. Ferraro, 992 F.2d 10, 11 (2d Cir.1993) (per curiam ) ("the requirement of a timely notice of appeal in rule 4(b) is jurisdictional"). The court, thus, is precluded from hearing Brown's appeal. Id.
 
 
 10
 Accordingly, the instant appeal is dismissed. Because, Brown's notice of appeal was filed within 30 days after the period of appeal, we remand the action to the district court to determine whether the untimeliness of filing was attributable to excusable neglect as understood by Fed.R.Civ.P. 4(b). See United States v. Clark, 51 F.3d at 42.
 
 
 
 *
 The Honorable Harlington Wood, Jr., of the United States District Court for the Southern District of New York sitting by designation