**Kevin WILSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 97–40115.**
**Criminal No. 89–50025–94.**

United States District Court,
E.D. Michigan,
Southern Division.

July 15, 1997.

S. Allen Early, Detroit, MI, for Plaintiff.

Mark C. Jones, Asst. U.S. Atty., Flint, MI, for Defendant.

*ORDER TRANSFERRING PETITIONER'S 28 U.S.C. § 2255 MOTION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 1631*

GADOLA, District Judge.

On May 19, 1989, petitioner Kevin Wilson was charged by Superseding Indictment with conspiring to distribute cocaine and cocaine base in violation of Title 21 U.S.C. §§ 846 and 841(a)(1). He was convicted of this charge by a jury on June 1, 1990. On April 16, 1991, petitioner was sentenced to 360 months incarceration to be followed by five years supervised release. Petitioner appealed his conviction, and on May 1, 1992, his conviction was affirmed by the Sixth Circuit. *United States v. Williams,* 962 F.2d 1218 (6th Cir.1992).

On or about December 29, 1992, petitioner forwarded a *pro se* letter to this court stating that at sentencing he "totally forgot" to request of this court that: his federal sentence run concurrently with a five and one-half year sentence he had previously received in Michigan state court for possession of cocaine.[1] Petitioner requested that this court amend his sentence such that his federal and state sentences run concurrently.

On February 2, 1992, the government responded to petitioner's letter, construing it as a § 2255 motion.[2] The government concurred in petitioner's "§ 2255 motion" insofar as it requested that his federal and state sentences run concurrently because on further investigation into the matter, the government learned that the circumstances involved in petitioner's state conviction were also used to establish his involvement in the conspiracy of which he was convicted in federal court.[3]

Like the government, this court also considered petitioner's *pro se* letter to be a § 2255 motion. This court granted that mo-

---

1. Petitioner also made other frivolous arguments in his letter. He complained that he was not a member of the conspiracy, that the government "lied" about a bill of particulars, that the United States Attorney also prosecuted him in state court and that "Mr. Roberts" represented co-defendant Beverly Powell in seven different trials.

2. The government's brief in response to petitioner's letter was entitled "Answer and Brief In Response to Defendant's Motion Under Title 28, United States Code, Section 2255."

3. The version of Section 5G1.3 of the United States Sentencing Guidelines in force at the time of petitioner's sentencing directed in relevant part that "[i]f . . . the undischarged term of imprisonment resulted from offense(s) that constituted part of the same course of conduct as the instant offense and have been fully taken into account in the determination of the offense level for the instant offense . . . the sentence for the instant offense shall be imposed to result in a combined sentence equal to the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the sentences been imposed at the same time." This section was amended effective November 1, 1992 to read in relevant part as follows: "If . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence

tion on May 13, 1993, specifically ordering that petitioner's federal sentence as set forth in open court on April 16, 1991 run concurrently with his Michigan state court sentence of five and one-half years.

Presently before this court is petitioner's "Motion to Vacate Conviction and/or Sentence Pursuant to 28 U.S.C. § 2255" which he filed on April 23, 1997.[4] The government contends that petitioner's April 23, 1997 motion is a *second or successive* § 2255 motion, and that it must be dismissed due to the fact that petitioner has not obtained certification from the Sixth Circuit authorizing this court to entertain it as required by 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, §§ 105, 106(a), 110 Stat. 1214, 1220 (1996) ("AEDPA"), which provides as follows:

> A second or successive petition must be certified as provided by section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2 ) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner maintains that the § 2255 motion he filed on April 23, 1997 should not be dismissed. Petitioner asserts that the December 29, 1992 *pro se* letter he forwarded to this court was not a § 2255 motion, that the § 2255 motion he filed on April 23, 1997 is therefore not a second or successive § 2255 motion and that no certification was required prior to filing the April 23, 1997 § 2255 motion.

### *Whether the December 29, 1992 Letter Was a § 2255 Motion*

The first issue that confronts this court is whether petitioner's April 23, 1997 motion is his *first* or *second* § 2255 motion. Petitioner argues that the § 2255 motion he filed on April 23, 1997 motion is his first § 2255 motion. He contends that the letter he sent in December, 1992 ("Letter") was not intended to be a § 2255 motion. He asserts that the Letter was a request for relief under either 18 U.S.C. § 3584(a) or Federal Rule of Criminal Procedure 35.

■ This court finds that petitioner's 1992 Letter was a § 2255 motion. Petitioner sent the Letter for the purpose of *"correcting"* the 1991 sentence imposed by this court so as to specify that it run concurrently with the 1989 sentence imposed by the state court. "Correcting" a sentence is precisely the type of relief provided for by 28 U.S.C. § 2255. 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground ... that the sentence was in excess of the maximum authorized by law ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence.") (emphasis added). Indeed, other courts which have received similar letters have construed the letters to be § 2255 motions. *See United States v. Blue,* 874 F.Supp. 409 (D.D.C.1995) (defendant wrote letters to the court requesting clarification as to whether his sentence ran concurrently with or consecutively to his state sentence; court construed letters as a § 2255 motion to amend sentence); *Prioleau v. United States,* 746 F.Supp. 383 (S.D.N.Y.1990) (petitioner wrote letter of clarification as to whether sentence ran concurrently with federal sentence; court construed letter as a § 2255 motion) *See also*

---

for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment."

**4.** The motion raises a host of arguments, including: (1) petitioner's mental illness prevented him from effectively participating in the trial, sentencing and appeal process resulting in a denial of due process; (2) petitioner's relevant conduct

should be limited to acts for which he is responsible, as opposed to all acts embraced within the conspiracy under § 1B1.3(a) of the United States Sentencing Guidelines; (3) petitioner's leadership role should be narrowed; (4) petitioner is entitled to a downward departure pursuant to § 5K.2 of the United States Sentencing Guidelines; and (5) petitioner was denied effective assistance of counsel.

*United States v. Martin,* No. 95–1576, 1995 WL 723193, 72 F.3d 130 (6th Cir., December 6, 1995) (appellate court found that district court improperly construed petitioner's letter requesting a concurrent sentence to be a *motion to correct sentence under Federal Rule of Criminal Procedure 36*; appellate court found letter to be a § 2255 motion); *Calder v. United States,* 918 F.Supp. 65 (N.D.N.Y.1996) (court construed petitioner's request for an order amending his sentence to run concurrently with a sentence that petitioner was serving *i* n an unrelated case to be a § 2255 motion). *See also United States v. Parker,* No. 90–15126, 1991 WL 1688, 922 F.2d 845 (9th Cir. Jan.10, 1991) (petitioner filed a § 2255 motion claiming ineffective assistance of counsel for not recommending concurrent sentences). This court rejects petitioner's assertion that his Letter sought relief under 18 U.S.C. § 3584(a). Title 18, Section 3584(a) of the United States Code does not provide a means for post-conviction relief. More specifically, 18 U.S.C. § 3584 does not provide this court with any authority to substantively alter a sentence, which is exactly what petitioner implicitly asked this court to do in his Letter of December 29, 1992. Rather, 18 U.S.C. § 3584 merely provides groundrules a court should follow when determining whether to impose a concurrent or consecutive sentence:

(a) **Imposition of concurrent or consecutive terms.** If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.[5]

This court also rejects petitioner's argument that his Letter sought relief under Federal Rule of Criminal Procedure 35. Rule 35 provided this court with no means of granting petitioner the relief sought by the Letter. Rule 35[6] allows a district court to modify a sentence only if: (1) it has been vacated and remanded; (2) the government moves to reduce it; or (3) the sentence was imposed as a result of an arithmetical, technical or other clear error and the district court acts within seven days of the original sentence to correct it. See Fed.R.Crim.P. 35. None of these grounds were applicable, and therefore this court lacked jurisdiction to correct his original sentence under Rule 35.

Petitioner also contends that he did not intend for his letter to be a § 2255 motion, so therefore it should not be construed as such. This argument must be rejected out of hand. It is very common for prisoners proceeding *pro se* to file letters which make no mention of § 2255 but which request relief of the type which can only be afforded under § 2255. Were courts to construe such letters in accordance with the alleged intent of petitioners, then petitioners could easily skirt the successive petition requirements of the AEDPA by merely claiming that they did not intend for such letters to be § 2255 motions. In short, this court finds the December 29, 1997 motion a § 2255 motion and the April 23, 1997 motion a second or successive § 2255 motion.

### This Court Will Transfer the April 23, 1997 Motion for a Ruling by the Sixth Circuit as to Certification

Having found the December 29, 1997 letter to be a § 2255 motion and the April 23, 1997 motion to be a second or successive § 2255

---

5. *See also* § 5G1.3(b) of the United States Sentencing Guidelines, which states in pertinent part: "If ... the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment."

6. Prior to November 1, 1987, Rule 35(a) provided that a trial court could correct an illegal sentence at any time.

**1058**

motion, this court clearly lacks jurisdiction under 18 U.S.C. § 2255, as amended by the AEDPA, to decide the April 23, 1997 motion without the requisite certification from the Sixth Circuit. The most appropriate action under the circumstances is to transfer the April 23, 1997 motion to the Sixth Circuit for a ruling on certification. *See In re Sims,* 111 F.3d 45 (6th Cir.1997) (holding that when "a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631") Accordingly, this court will transfer the case pursuant to § 28 U.S.C. § 1631 for a ruling on certification.

 Petitioner contends that the court of appeals certification requirements contained in the AEDPA should not apply here. Petitioner argues that application of the AEDPA certification requirements in this case, as in other cases where the first § 2255 motion was filed prior to the effective date of the AEDPA, poses grave retroactivity concerns and runs afoul of the Ex Post Facto Clause of the Constitution of the United States of America, U.S. Const. art. 1, § 9, cl. 3. Petitioner argues that seeking authorization from the Sixth Circuit prior to initiating a second or successive § 2255 action visits a "substantial burden" upon him.

This court finds that the certification requirements found within the AEDPA do not place a substantial burden on the petitioner. The Supreme Court has found the AEDPA's certification provisions to be mere "gatekeeping" mechanisms. *See Felker v. Turpin,* — U.S. ——, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing 28 U.S.C. § 2244, a provision analogous to the one at issue in the instant case, which requires 28 U.S.C. § 2254 petitioners to obtain leave from the court of appeals prior to filing second or successive habeas corpus petitions). To be sure, the AEDPA's certification requirements "simply transfer[ ] from the district court to the court of appeals a screening function which would

previously have been performed by the district court." *Id.* In this regard, the Act does not impose onerous burdens on petitioners who filed their first motions prior to its effective date, April 24, 1996, and does not raise constitutional concerns.[7] *Accord Nunez v. United States,* 96 F.3d 990, 992 (7th Cir. 1996); *Liriano v. United States,* 95 F.3d 119, 120 (2d Cir.1996); *Hatch v. St. of Okl.,* 92 F.3d 1012, 1014 (10th Cir.1996).

### *ORDER*

**IT IS HEREBY ORDERED** that the § 2255 motion filed by petitioner KEVIN WILSON on or about April 23, 1997 is hereby transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**

---

7. Note also that petitioner has not shown that he has been "mousetrapped" by the change of the law.