UNITED STATES of America, Plaintiff,

v.

Laron Kevin KORTGAARD, Defendant.

No. CIV. 97–00301 ACK.
CRIM. No. 93–01704 ACK.

United States District Court,
D. Hawai'i.

Sept. 29, 1997.

Michael K. Kawahara, Asst. U.S. Atty., Honolulu, HI, for U.S.

Laron Kevin Kortgaard, Phoenix, AZ, pro se.

Alexander Silvert, Office of the Federal Public Defenders, Honolulu, HI, Richard S. Kawana, Honolulu, HI, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT'S § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE

KAY, Chief Judge.

### BACKGROUND

On May 19, 1993, Laron Kortgaard ("Defendant") was arrested at Honolulu airport with 223 grams of heroin. On November 29, 1993, Defendant entered an unconditional plea, pleading guilty to importing the 223 grams of heroin. Pursuant to the plea, Defendant was sentenced to a ten year prison sentence, based partly on his previous drug conviction in Canada.

On May 17, 1994, Defendant filed his first § 2255 petition challenging his conviction which the Court summarily dismissed on July 13, 1994. On April 7, 1997, Defendant initiated a second § 2255 motion challenging his sentence, arguing that his Canadian conviction violated his constitutional rights and thus cannot be relied on to enhance his sentence. The government filed an opposition on July 1, 1997. On July 28, 1997, this Court issued an order dismissing Defendant's § 2255 motion without prejudice because he failed to obtain certification as required under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Defendant brings the instant motion for reconsideration of that order contending that application of AEDPA to his § 2255 motion violates the Ex Post Facto clause of the U.S. Constitution.

## DISCUSSION

### I. AEDPA

On April 24, 1996, the President signed into law the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 105 of the Act amends 28 U.S.C. § 2255 to require that:

A second or successive motion ... be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See 28 U.S.C. § 2255, amended by Anti–Terrorism and Effective Death Penalty Act of 1996 § 105.

### II. APPLICATION OF AEDPA'S CERTIFICATION REQUIREMENT

Defendant filed a previous habeas corpus motion on May 17, 1994 which was dismissed on June 13, 1994. On April 7, 1997, Defendant filed his second § 2255 motion. Defendant's April 1997 motion is clearly a "second or successive" petition under AEDPA. Following the U.S. Supreme Court's decision in Lindh v. Murphy, § 2255 petitioners are only subject to AEDPA's certification requirement when the petition is filed in the district court after the AEDPA's effective date of April 26, 1996. 521 U.S. 320, 117 S.Ct. 2059, 2063–64, 138 L.Ed.2d 481 (1997).

Petitioner filed his second § 2255 motion without obtaining the requisite Ninth Circuit certification.[1] See e.g. United States v. Lorentsen, 106 F.3d 278 (9th Cir.1997)("Under the Act, before a successive § 2255 motion may be considered, it must be certified by a three-judge panel of the court of appeals to contain either newly discovered evidence

demonstrating innocence, or 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' "); Greenawalt v. Stewart, 105 F.3d 1287 (9th Cir.1997). Accordingly, on July 28, 1997, this Court dismissed Defendant's habeas petition without prejudice pending Ninth Circuit certification. On August 11, 1997, Defendant filed the instant motion for reconsideration of this Court's dismissal of his habeas claim.

### III. AEDPA's Requirement That Defendant Obtain Ninth Circuit Certification To File A Second § 2255 Motion Does Not Violate The Ex Post Facto Clause Of The U.S. Constitution

Petitioner specifically alleges that AEDPA's certification requirement is significantly more onerous than the prior laws governing successive habeas . motions, thus running afoul of the Ex Post Facto Clause of the U.S. Constitution. For the reasons set forth below, this Court holds that the AEDPA's certification requirement does not place a "substantial burden" upon petitioners and is not unconstitutional.

For a law to fall within the purview of the Ex Post Facto Clause, it must be "retrospective—that is 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 895, 137 L.Ed.2d 63 (1997)(citing to Collins v. Youngblood, 497 U.S. 37, 50, 110 S.Ct. 2715, 2723, 111 L.Ed.2d 30 (1990)). AEDPA's certification requirement does neither and simply does not pose constitutional concerns.

Preliminarily, AEDPA does not attempt to redefine the criminal conduct for which Defendant was convicted. Additionally, AEDPA in and of itself does not impose a greater punishment upon the Defendant. Thus, Defendant may only tenably claim that applica-

---

1. The Ninth Circuit does not require appellate certification for a second motion where the first motion was dismissed for failure to exhaust state remedies. In re Terry M. Turner, 101 F.3d 1323 (9th Cir.1996). Furthermore, appellate certifica-

tion would not be required if petitioner's first motion had been dismissed without prejudice. Id. In this case, however, the Court addressed the merits of Defendants' first habeas corpus motion.

tion of AEDPA's certification requirements regarding successive habeas petitions imposes a novel "substantial burden."

The Supreme Court has characterized AEDPA's certification requirement to be a "gatekeeping" mechanism. *See Felker v. Turpin,* 518 U.S. 651, 658, 116 S.Ct. 2333, 2337, 135 L.Ed.2d 827 (1996)(discussing an analogous provision in 28 U.S.C. § 2244 which requires petitioners to obtain a leave from the court of appeals prior to filing successive habeas petitions). AEDPA is, in large part, intended to prevent state and federal prisoners from continuing to flood the federal courts with challenges to their confinement. In fact, in the realm of successive habeas petitions, AEDPA merely transfers the screening burden from the district courts to the court of appeals and thus cannot be said to impose a more onerous task upon the defendant. *Wilson v. U.S.,* 969 F.Supp. 1054, 1058 (1997). Moreover, the AEDPA standard for granting appellate certification is the same as that laid out in *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). Under the *Barefoot* standard, certification is only proper where the petitioner has demonstrated that the issued raised are debatable amongst reasonable jurists, a court could resolve the issues differently, or the questions are deserving of further proceedings.[2] Accordingly, the AEDPA certification requirement does not violate the Ex Post Facto Clause of the U.S. Constitution.

## CONCLUSION

For the foregoing reasons, this Court DENIES Defendant's motion for reconsideration.

IT IS SO ORDERED.

2. Whether petitioner may satisfy this burden is a question left to the appellate court upon the proper pleading.