UNITED STATES, Plaintiff–Appellee,

v.

Ramon A. BURGOS, a/k/a Willie, a/k/a Carlos Rosario, a/k/a Javier Borreau, et al., Defendants,

Armando Colon, a/k/a Fnu Lnu, a/k/a Marcos Colon Ocasio, a/k/a Sealed Defendant # 27, Defendant–Appellant.

No. 99–1598.

United States Court of Appeals, Second Circuit.

Jan. 23, 2001.

B. Alan Seidler, Nyack, NY, for appellant.

Barbara D. Cottrell, Assistant United States Attorney, Albany, NY; Daniel J. French, United States Attorney for the Northern District of New York, Kevin P. Dooley, Assistant United States Attorney, on the brief, for appellee.

Present OAKES, JACOBS and PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the appeal be DISMISSED.

Armando Colon appeals from a sentence imposed by the United States District Court for the Northern District of New York (McAvoy, J.). He argues that his sentence should be corrected to ensure that it runs concurrently with a previously imposed New York State sentence.

### I.

On June 18, 1998, Colon was indicted and charged with participation in a narcotics conspiracy in violation of 21 U.S.C. § 846. After a hearing on June 24, he was ordered detained in federal custody pending trial. On September 18, however, he was transferred to the custody of New York State to face state charges. He pled guilty in state court to attempted criminal sale of a controlled substance, 5th degree (a felony), and on October 19, was sentenced in state court to 1.5—3 years imprisonment. After sentencing he was returned immediately to federal custody to face the pending federal charges.

On November 23, 1998, he pled guilty to the federal narcotics conspiracy charge, and was remanded to federal custody pending federal sentencing. At the sentencing ten months later, on September 10, 1999, Colon's counsel alerted Judge McAvoy to the undischarged state court sentence, and counsel for the government acknowledged that the incident forming the basis of the state conviction "is a part of [the federal] conspiracy." Colon's counsel accordingly requested that the federal sentence "run concurrent with [the state sentence] so my client is not punished twice."

Title 18 U.S.C. § 3584(a) provides that "if a term of imprisonment is imposed on a defendant who is," like Colon, "*already* subject to an *undischarged* term of imprisonment, the terms may run concurrently or consecutively." *Id.* (emphasis added). Section 5G1.3 of the Sentencing Guidelines "describes (a) the circumstances in which the new sentence on such

a defendant must be consecutive [*see* § 5G1.3(a)] ... [,] (b) the circumstances in which the new sentence must be concurrent [*see* § 5G1.3(b)]; and it gives the court discretion in instances not covered by (a) or (b) [*see* § 5G1.3(c)]." *United States v. Labeille–Soto,* 163 F.3d 93, 98 (2d Cir.1998).[1]

In the sentencing transcript, the district court "recommend[s]" that the sentence "run *concurrent* to any state time." The Judgment itself mandates that the sentences "*shall run concurrently.*"

## II.

Colon now claims that the United States Bureau of Prisons ("BOP") has (i) treated the district court's determination regarding concurrent sentences as a mere recommendation, and (ii) rejected it, deciding instead to impose the sentences *consecutively.*[2] He believes that his sentence should be corrected to ensure that it runs concurrently with the state sentence.

We cannot decide the merits of this appeal because Colon failed to file a timely notice of appeal. Federal Rule of Appellate Procedure 4(b) requires that a notice of appeal be filed in the district court within ten days after the entry of judgment appealed from. In Colon's case, the Judgment was entered on September 13, 1999, and his notice was not filed until

1. The government argues that 18 U.S.C. § 3584(a) and Guideline § 5G1.3 do not apply to Colon's sentence because "Colon was not yet subject to *any* undischarged sentence of state incarceration ... at the time he entered federal custody" in June 1998. This contention is incorrect, for Colon's status "at the time he entered federal custody" is irrelevant. The correct time at which to ascertain whether a defendant is "already subject to an undischarged term of imprisonment" for purposes of 18 U.S.C. § 3584(a) and Guideline § 5G1.3 is the moment the federal judge imposes the federal sentence. *See McCarthy v. Doe,* 146 F.3d 118, 121 (2d Cir.1998); *United States v. Phipps,* 68 F.3d 159, 163 (7th Cir.1995) (Easterbrook, J.). At that stage, Colon indisputably was "already subject to" the undischarged state sentence.

2. The BOP's apparent conclusion that the district court merely recommended concurrent sentences may be based on the principle that " 'where there is a *direct conflict* between an unambiguous oral pronouncement of sentence and the written judgment and commitment ... the oral pronouncement ... must control.' " *United States v. Truscello,* 168 F.3d 61, 62 (2d Cir.1999) (quoting *United States v. Marquez,* 506 F.2d 620, 622 (2d Cir.1974) (alteration in original)). It is not clear that the oral pronouncement in this case was "unambiguous," however. Indeed, the term "recommendation" appears to be inconsistent with the court's power to "*order*"

concurrent or consecutive sentences for a defendant who is "already subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a) (emphasis added); *see also* Sentencing Guideline § 5G1.3(a)-(c) (empowering a district court to "*impose[]*" concurrent or consecutive sentences on a defendant already subject to an "undischarged term of imprisonment") (emphasis added).

Moreover, it is not clear that a "*direct conflict*" existed between the transcript and the Judgment in any event. The difference was not whether the district court intended concurrent or consecutive sentences, but whether the court expressed its intention as a recommendation or a directive. Therefore, it is possible that this is a case in which the written judgment "properly serve[s] the function of resolving ambiguities in [an] orally pronounced sentence[]." *United States v. Pagan,* 785 F.2d 378, 380 (2d Cir.1986); *see also Truscello,* 168 F.3d at 63 ("[W]e think it clear that the difference between the oral pronouncement of sentence and the written judgment did not amount to a conflict, but rather that the latter reflected a clarification of what the oral pronouncement meant...."); *United States v. Pugliese,* 860 F.2d 25, 30 (2d Cir. 1988) (holding that a Judgment providing for consecutive sentences "properly clarified" an oral sentence that only referred to a previously imposed sentence, but "did not state explicitly whether the sentence being imposed was to be consecutive or concurrent with the earlier sentence").

sixteen days later, on September 29, 1999. A defendant may move in the district court for permission to file a late notice of appeal, *see* Fed.R.App.Pro. 4(b)(4), but Colon did not do so. Colon cannot file such a motion at this stage because the rule "allows such motions to be entertained only during a period of thirty days following the expiration of the original ten-day period." *United States v. Ferraro,* 992 F.2d 10, 11 (2d Cir.1993); *see* Fed.R.App.Pro. 4(b)(4). The failure to file a timely notice of appeal requires us to dismiss the appeal for lack of jurisdiction. *See United States v. Ferraro,* 992 F.2d 10, 11 (2d Cir.1993).

At oral argument, Colon pointed out that in January 2000 we dismissed the appeal for failure to prosecute and subsequently ordered that it be reinstated and that new counsel be assigned. These facts are not pertinent. Our reinstatement did not cure the jurisdictional defect, of which we were unaware until we received the parties' briefs.

This dismissal is without prejudice to Colon's rights to seek relief through administrative initiatives within the BOP. *See State Institution for Service of Federal Sentence, Designation of,* Bureau of Prisons Program Statement # 5160.04, at 2 (April 19, 2000) ("When a Federal judge orders ... a Federal term of imprisonment to run concurrently with a state term of imprisonment already imposed, the Bureau implements such order ... ordinarily by designating the state facility as the place to serve the Federal sentence." (citing 18 U.S.C. § 3621(b) (permitting the BOP to designate a non-federal facility as "the place of the prisoner's imprisonment"))); *see also Sentence Computation Manual,* Bureau of Prisons Program Statement # 5880.28 § 3(e), at 1–32A—1–33 (July 19, 1999) (Where a federal court "orders the federal sentence to be served ... concurrently with[ ] the non-federal

... undischarged term of imprisonment, the prisoner shall be returned to the non-federal jurisdiction until the prisoner is released (completes the undischarged term of imprisonment) from the non-federal term."). The dismissal is also without prejudice to any right to seek judicial relief under Fed.R.Civ.Pro. 36 ("[E]rrors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."), *see United States v. Burd,* 86 F.3d 285, 288–89 (2d Cir.1996); *United States v. Werber,* 51 F.3d 342, 346–49 & n. 13 (2d Cir.1995); under 28 U.S.C. § 2241, *see Werber,* 51 F.3d at 349 n. 17; or under 28 U.S.C. § 2255, *see Werber,* 51 F.3d at 349 n. 17.

For the reasons set forth above, this appeal is DISMISSED.